NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEROLD LOWE,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2014-5039

---

Appeal from the United States Court of Federal Claims in No. 13-CV-00357, Senior Judge Eric G. Bruggink.

---

Decided: June 9, 2014

---

JEROLD LOWE, of Little Rock, Arkansas, pro se.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and MARTIN F. HOCKEY, Assistant Director.

---

Before O'MALLEY, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

At the Court of Federal Claims, Mr. Lowe claimed money damages and back pay stemming from his military service in the United States Navy between 1966 and 1970. Claims for money filed in the Court of Federal Claims pursuant to the Tucker Act must be filed within six years of their accrual. Because Mr. Lowe did not file his complaint until May 24, 2013, well after the six-year statute of limitations had expired, the Court of Federal Claims properly dismissed the case. We affirm.

I.

Mr. Lowe served on active duty in the United States Navy between 1966 and 1970. While on active duty, he volunteered for a tour in Vietnam and served there from May 1968 to May 1969. As part of his agreement to volunteer for duty in Vietnam, he was guaranteed advancement to pay grade E-3. But at the time he was separated from active service in 1970, he was listed at grade E-2. His out-processing form at that time listed his separation code as RE-3R, meaning that he was only eligible for a probationary two-year reenlistment.

Following separation from active duty in 1970, Mr. Lowe served two years in the Navy Reserve. He was honorably discharged on November 24, 1972. He later reenlisted in the Navy Reserve, and served from March 1981 to March 1983.

In 1983, Mr. Lowe asked the Board for Correction of Naval Records to correct his records. The Board corrected his separation records to show that he had advanced in pay grade to E-3 as of June 5, 1968, and awarded him back pay. Mr. Lowe received back pay for his time in the reserves from 1981 to 1983, but not for his earlier service. The Board also did not correct his 1970 separation code.

In 1986, Mr. Lowe asked the Board to correct his 1970 separation code. The Board granted his request, correcting his separation code and removing a mark indicating that he was not recommended for reenlistment in 1970.

In May 1989, Mr. Lowe filed suit against the Navy in the United States District Court for the Western District of Missouri, alleging violations of the Privacy Act of 1974 and seeking correction of his records and money damages. In September 1989, the Navy paid Mr. Lowe back pay for his period of active service, from 1968 to 1970, when he should have been paid at the E-3 level. But Mr. Lowe did not accept this payment. Instead, he sent the check to the Department of Veterans Affairs along with a claim form, citing his pending litigation in the Western District of Missouri.

The district court granted summary judgment against Mr. Lowe on December 7, 1990, because his records had already been corrected and he had not responded to the Navy's motion for summary judgment. *Lowe v. Dep't of the Navy*, No. 89-0496 (W.D. Mo. Dec. 7, 1990). Mr. Lowe appealed, but the United States Court of Appeals for the Eighth Circuit dismissed his appeal, stating that his records had been corrected, he had already been awarded back pay, and his other claims were time-barred. *Lowe v. Dep't of the Navy*, No. 91–2069WM (8th Cir. May 29, 1991).

Mr. Lowe filed his complaint in the Court of Federal Claims on May 24, 2013. He asks for back pay and money damages stemming from his incorrect pay rating while in active service, his allegedly premature release from active service in 1970, and his erroneous records. He alleges that the Court of Federal Claims has jurisdiction over his claim under the Tucker Act, 28 U.S.C. § 1491, and the Privacy Act of 1974, 5 U.S.C. § 552.

The Court of Federal Claims dismissed Mr. Lowe's complaint on November 14, 2013. It found Mr. Lowe's

claims barred by the six-year statute of limitations for claims brought under the Tucker Act. *See* 28 U.S.C. § 2501 (2012). Mr. Lowe appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II.

We review the Court of Federal Claims' decision to dismiss a complaint without deference. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). We also review without deference the court's interpretation of statutes. *DIRECTV Grp., Inc. v. United States*, 670 F.3d 1370, 1375 (Fed. Cir. 2012).

The Court of Federal Claims may only hear a claim arising under the Tucker Act if the claim first accrued within six years of the filing of the complaint. 28 U.S.C. § 2501; *Martinez v. United States*, 333 F.3d 1295, 1304 (Fed. Cir. 2003) (en banc). This statute of limitations is jurisdictional in nature and is strictly construed. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008).

A cause of action accrues for purposes of this statute of limitations "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012) (citation and internal quotation marks omitted). "The question of whether the pertinent events have occurred is determined under an objective standard; a plaintiff does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue." *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed. Cir. 1995).

For the Court of Federal Claims to have jurisdiction, Mr. Lowe's claims must have accrued on or after May 24, 2007—six years prior to the date he filed his complaint. *Martinez*, 333 F.3d at 1304. Mr. Lowe, however, does not argue that his claims accrued on or after May 24, 2007.

Indeed, he identifies no potentially relevant events after 1991 and provides no explanation for his failure to bring his complaint in the Court of Federal Claims until May 24, 2013.

Because Mr. Lowe's claims accrued more than six years prior to the date he filed his complaint, the Court of Federal Claims correctly dismissed his complaint for lack of jurisdiction.

**AFFIRMED**

No costs.